## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re:

WESTERN NONWOVENS, INC., *et al.,*[1]

                    Debtors.

-------------------------------------------------------------------x

Chapter 11

Case No. 08-11435 (PJW)
(Jointly Administered)

Re: Docket No. 10

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION OF THE DEBTORS PURSUANT TO 11
U.S.C. § 363 FOR THE ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF CRG PARTNERS GROUP LLC TO
PROVIDE RESTRUCTURING SERVICES TO THE DEBTORS AND OF
JONATHAN J. NASH AS CHIEF EXECUTIVE OFFICER OF THE DEBTORS
<u>NUNC PRO TUNC TO THE PETITION DATE</u>**

The Official Committee of Unsecured Creditors (the "*Committee*") of Western

Nonwovens, Inc., *et al.* (the "*Debtors*"), by its proposed co-counsel, Hahn & Hessen LLP

("*H&H*") and Montgomery, McCracken, Walker & Rhoads, LLP ("*MMWR*"), hereby files this

limited objection (the "*Objection*") to the *Motion of the Debtors Pursuant to 11 U.S.C. § 363 for

the Entry of an Order Authorizing the Employment and Retention of CRG Partners Group LLC*

("*CRG*") *to Provide Restructuring Services to the Debtors and of Jonathan J. Nash as Chief

Executive Officer of the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 10] (the "*CRG

Retention Motion*"), and in support thereof, respectfully states as follows:

<u>BACKGROUND</u>

1.      On July 14, 2008 (the "*Petition Date*"), the Debtors commenced with this Court

voluntary cases (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code

---

[1]      The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification
number, are: Western Nonwovens, Inc. (9696); Western Synthetic Fiber, Inc. (1778); Bonded Fiberloft, Inc. (4998);
Reliance Products, Inc. (0233); Paltex, Inc. (9988); Mid America Fiber Company, Inc. (2849); Florida Nonwovens,
Inc. (1133); and Utah Nonwovens, Inc. (3204).

(the "*Bankruptcy Code*").  The Debtors are continuing their businesses and managing their affairs as debtors and debtors in possession.

2.      On the Petition Date, the Debtors also filed motions seeking orders approving bidding procedures for and the sale of substantially all of the Debtors' assets.[2]  This Court entered modified Orders establishing bidding procedures for these sales on or about July 29, 2008.

3.      On July 23, 2008, the Office of the United States Trustee for the District of Delaware appointed three (3) of the Debtors' unsecured creditors to the Committee.  The Committee presently consists of the following members:  Chilworth Pacific Fire Laboratories, Inc., Consolidated Fibers, Inc., and Stein Fibers.  Thereafter, the Committee selected H&H and MMWR to serve as its co-counsel.

## LIMITED OBJECTION

4.      The Committee has no objection to the Debtors' retention of CRG or Jonathan Nash as they are eminently qualified to file their designated roles.  However, the terms of CRG's

---

[2]      The motions include (i) *Motion for an Order: (I) Approving Asset Purchase Agreement and Authorizing the Sale by Western Nonwovens, Inc., Mid-American Fiber Company, Inc., Western Synthetic Fiber, Inc. and Florida Nonwovens, Inc. of Certain of Their Assets Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code* (the "*Simmons Sale*"), *(III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 17] (the "*Simmons Sale Motion*"); (ii) *Motion of the Debtors for an Order (A) Approving Bidding Procedures Relating to Sale of Certain Assets of Western Nonwovens, Inc., Mid-American Fiver Company, Inc., Western Synthetic Fiber, Inc. and Florida Nonwovens, Inc.; (B) Scheduling a Hearing to Consider the Sale and Approve the Form and Manner of Notices; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Expense Reimbursement and Break-Up Fee Provisions; and (E) Granting Related Relief* [Docket No. 20] (the "*Simmons Sale Procedures Motion*"); and (iii) *Motion of the Debtors for an Order (A) Approving Sale Procedures Relating to Sale of Assets Not Included in the Simmons Sale, (B) Approving Sale of Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. Section 363(b), (f), and (m)* (the "*Non-Simmons Sale*"), *and (C) Granting Related Relief* [Docket No. 28] (the "*Non-Simmons Sale Procedures Motion*").

proposed retention as set forth in the Engagement Letter[3] provide for the payment of a success fee (the "*Success Fee*").  Specifically, the Engagement Letter provides that

> [i]f during the course of this agreement, the Company asks CRG to restructure its existing debt, or find merger partners and/or buyers for the Company's assets, each and every transaction will warrant a success fee due to CRG of 2% of any transaction or all cumulative transactions in excess of $10 million, plus 3% of the cumulative transaction value over $15 million, plus 4% of the cumulative transaction value over $20 million, plus 5% of the cumulative transaction value over $25 million.  These fees will be payable upon court order and will be in addition to the hourly fee arrangements already in place.

Engagement Letter, at 2.

5.     The proposed order provides that

> success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order; no success fee, transaction fee or back-end fee shall be sought upon the conversion of the case, dismissal of the case for cause, or appointment of a trustee[.][4]

Proposed Order, at 3.

6.     As set forth more fully in the *Preliminary Objection of the Official Committee of Unsecured Creditors to the Debtors' Motions for Orders (I) Authorizing the Debtors to Obtain Post-Petition Financing and Related Relief; (II) Authorizing the Sale of Certain Assets Outside of the Ordinary Course; (III) Approving Bidding Procedures for the Sale of Those Assets Outside of the Ordinary Course; and (IV) Approving Sale Procedures Relating to Sale of Assets Not Included in the Simmons Sale* [Docket No. 100], these Chapter 11 Cases and, in particular, the pending sales process to sell substantially all of the Debtors' assets, are being run for the sole

---

[3]     Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[4]     As proposed, the Success Fee and any other Fee (defined below) are only payable upon the Debtors' reorganization.  As such, if the Committee and Debtors are able to successfully confirm a plan in these Chapter 11 Cases, such Fees, absent a carve out from the sale proceeds, would be an obligation of the Debtors' estates.

benefit of the Debtors' pre-petition lenders[5] (the "*Lenders*"), as it is clear that the Debtors have no equity in these assets (the Lenders are owed in excess of $70 million, yet the aggregate purchase price for the assets being sold is less than $10 million). Indeed, Mr. Nash testified at the July 28, 2008 hearing on the Debtors' proposed sales procedures that the only creditors that will receive anything from the sale of the Debtors' assets are the Lenders.

7. While the Committee is not adverse to CRG receiving a Success Fee, transaction fee, or other back-end fees (collectively "*Fees*"), the Committee submits that the payment of any such Fees should be paid from the proceeds of the sale. Since the sale process is being run for the sole benefit of the Lenders, the Committee submits that the Lenders should bear all of the expenses of administration of these estates pending the sale, including, but not limited to, any Success Fee or other Fees owed to CRG. Any such fee is clearly a reasonable cost incurred for disposing of the Lenders' collateral and properly chargeable against their collateral pursuant to 11 U.S.C. § 506(c).

8. Accordingly, the Committee requests that the Court modify the proposed order to require the establishment of an appropriate reserve from the proceeds of the sale(s) of the Debtors' assets to provide for the payment of any Success Fee or other Fees, should such Success Fee or other Fees be deemed reasonable and ultimately approved by further order of the Court.

---

[5] The pre-petition lenders providing the Debtors with DIP financing are Heller Financial, Inc. ("*Agent*"), General Electric Capital Corporation, Cerberus Partners L.P. and Cerberus California, Inc..

WHEREFORE, the Committee respectfully requests that (i) the proposed order be modified in accordance with this Objection, and (ii) the Court grant any other relief deemed to be just and proper.

Dated: Wilmington, Delaware
       July 31, 2008

                                        MONTGOMERY, MCCRACKEN,
                                         WALKER & RHOADS, LLP


                                         /s/ David R. Hurst
                                        David R. Hurst (I.D. No 3743)
                                        Mark L. Desgrosseilliers (I.D. No. 4083)
                                        1105 North Market Street, Suite 1500
                                        Wilmington, Delaware 19801
                                        (302) 504-7800

                                               - and -

                                        Mark S. Indelicato
                                        Mark T. Power
                                        Jeffrey Zawadzki
                                        HAHN & HESSEN LLP
                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 478-7200

                                        *Proposed Co-Counsel to the Official Committee of
                                        Unsecured Creditors of Western Nonwovens, Inc.,
                                        et al.*

2329219v1