IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WESTERN NONWOVENS, INC., et al.,[1] | ) | Case No. 08-11435 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 10 |

**ORDER GRANTING MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363 FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF CRG PARTNERS GROUP LLC. TO PROVIDE RESTRUCTURING SERVICES TO THE DEBTORS AND OF JONATHAN J. NASH AS CHIEF EXECUTIVE OFFICER OF THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

Upon consideration of the motion (the "Motion")[2] of the Debtors, in the above-captioned cases, seeking entry of an order, pursuant to section 363 of the Bankruptcy Code, authorizing the employment of CRG Partners Group LLC ("CRG") to provide restructuring services to the Debtors and of Jonathan J. Nash as Chief Executive Officer of the Debtors, *nunc pro tunc* to the petition date; and the Court having reviewed the Motion, the Declaration of Jonathan J. Nash filed in support thereof; and the Court being satisfied based on the representations made in the Motion and in the Nash Declaration that neither CRG nor Mr. Nash represents an interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that, subject to the representations made in the Nash Declaration, they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: Western Nonwovens, Inc. (9696); Western Synthetic Fiber, Inc. (1778); Bonded Fiberloft, Inc. (4998); Reliance Products, Inc. (0233); Paltex, Inc. (9988); Mid America Fiber Company, Inc. (2849); Florida Nonwovens, Inc. (1133); and Utah Nonwovens, Inc. (3204). The mailing address for all of the Debtors is 966 E. Sandhill Avenue, Carson, CA 90746.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, in accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to employ and retain CRG to perform restructuring services to the Debtors, and Jonathan J. Nash as CEO of the Debtors, *nunc pro tunc* to the Petition Date, on the terms set forth in the Motion, the Engagement Letter, the Nash Declaration attached thereto and the provisions herein, and, absent further Order of the Court, CRG shall not act in any other capacity in these cases other than as authorized by this Order, the terms set forth in the Motion, the Engagement Letter, and the Nash Declaration; and it is further

ORDERED that, notwithstanding the approval of the Motion by this Order, the Debtors are not required to indemnify CRG (as provided in the Engagement Letter and attachments thereto); *provided, however*, that the Debtors are permitted to indemnify any and all CRG personnel who are appointed by the Debtors as officers of the Debtors, including Mr. Nash as CEO, on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, and any CRG personnel who are appointed by the Debtors as officers of the Debtors may be named on the Debtors' directors and officers insurance policies and may be named on the Debtors' employment practices rider to the directors and officers insurance; and it is further

ORDERED that the payments contemplated in the Engagement Letter (other than the administrative fee mentioned in paragraph 1(b) of the Appendix to the Engagement Letter for which CRG does not seek payment) are hereby approved and may be made by the Debtors without any further order from this Court; *provided, however*, CRG shall file monthly statements of its fees and expenses as provided in the Motion and parties in interest shall have the right to object to fees paid when quarterly reports of compensation earned are filed with the Court; *provided further* that any such objection shall be filed within twenty (20) days of the filing of the quarterly report; such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred; and it is further

ORDERED that CRG shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month; such report shall include the names and functions filled of the individuals assigned; all staffing shall be subject to review by the Court in the event an objection is filed; and it is further

ORDERED that no principal, employee or independent contractor of CRG and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases; and it is further

ORDERED that success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order; no success fee, transaction fee or back-end fee shall

be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee; and it is further

ORDERED that for a period of three years after the conclusion of the engagement, neither CRG nor any of its affiliates shall make any investments in the Debtor(s) or the reorganized Debtor(s); and it is further

ORDERED that CRG shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or other parties in interest; the obligation to disclose identified in this subparagraph is a continuing obligation; and it is further

ORDERED, that nothing in this Order or in the Engagement Letter is intended to waive any fiduciary duty which may otherwise exist, if any; and it is further

ORDERED, that notwithstanding anything to the contrary in the Engagement Letter, this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Aug 4, 2008

Honorable Peter J. Walsh
United States Bankruptcy Judge