IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WESTERN NONWOVENS, INC., et al.,[1] | ) | Case No. 08-11435 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 17 +2.8 |

## ORDER (I) AUTHORIZING AND APPROVING SALE OF CERTAIN ASSETS OF THE SELLER FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (II) APPROVING ASSET PURCHASE AGREEMENT; (III) AUTHORIZING AND APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING CERTAIN RELATED RELIEF

Upon the Motion for an Order: (I) Approving Asset Purchase Agreement

and Authorizing the Sale by Western Nonwovens, Inc.; Mid-America Fiber Company,

Inc; Western Synthetic Fiber, Inc. and Florida Nonwovens, Inc. of Certain of Their

Assets Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free

and Clear of All Liens, Claims Encumbrances and Interests Pursuant to Sections 363(b),

(f) and (m) of the Bankruptcy Code, (III) Authorizing the Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief

(Docket No. 17) ʌcollectively, (the "Motion"), filed by the above-captioned debtors and debtors-in

possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a),

363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006 (i) approving the sale of assets to

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: Western Nonwovens, Inc. (9696); Western Synthetic Fiber, Inc. (1778); Bonded Fiberloft, Inc. (4998); Reliance Products, Inc. (0233); Paltex, Inc. (9988); Mid America Fiber Company, Inc. (2849); Florida Nonwovens, Inc. (1133); and Utah Nonwovens, Inc. (3204). The mailing address for all of the Debtors is 966 E. Sandhill Avenue, Carson, CA 90746.

And upon the motion for approval of Sale of Assets not included in the Simmons Sale (Docket No. 28)

93214-001\DOCS_DE:138784.51

the prevailing bidder at an auction (the "Auction") to be conducted in accordance with the bidding procedures (the "Bidding Procedures") approved by that Order (I) Authorizing and Approving Bidding Procedures to Be Employed in Connection With Sale; (II) Approving Break Up Fee and Expense Reimbursement; (III) Scheduling an Auction and Hearing to Consider Approval of the Sale; and (IV) Approving Form and Manner of Notice of Sale Hearing (the "Procedures Order," Docket No. 120), (ii) authorizing the Debtors to sell (the "Sale") to the prevailing bidder certain of their assets (the "Purchased Assets") free and clear of all (A) Liens (other than Permitted Liens, solely to the extent provided in the Agreement), (B) all Liabilities (other than Assumed Liabilities), (C) Interests (as defined herein), and (D) Claims (as defined herein), (iii) authorizing the assumption and assignment of certain assumed contracts and leases (collectively, the "Assumed Contracts and Leases"), and (iv) granting certain related relief; and the Debtors having determined that the Sylvan Chemical Co., Inc. (the "Buyer") has submitted the highest or otherwise best bid, in the gross amount of $11.2 million plus a $250,000 fee paid on the Closing Date to the Debtors to be available for payment of professional fees accrued after the Closing Date that comprise administrative expenses, for the Purchased Assets in connection with that Asset Purchase Agreement dated as of August 20, 2008 (the "Agreement"), attached hereto as Exhibit A, between the Buyer and Western Nonwovens, Inc.; Mid-America Fiber Company, Inc.; Western Synthetic Fiber, Inc. and Florida Nonwovens, Inc. (collectively, the "Seller"); and a hearing having been held on August 20, 2008 (the "Sale Hearing"); and adequate and

2

sufficient notice of the Bidding Procedures, the Agreement, and all transactions contemplated thereunder and in this Order having been given in the manner directed by the Court in the Procedures Order; and all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and the Court having reviewed and considered (i) the Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.       This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.       The statutory predicates for the relief sought in the Motion are sections 105(a), 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.       This Court entered the Procedures Order on July 29, 2008, and the Procedures Order has become a final and non-appealable order and remains in full force and effect.

3

D.     As evidenced by the affidavits of service and publication filed with this Court and based on representations of counsel at the Sale Hearing, (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Sale and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assumed Contracts and Leases has been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006, and in substantial compliance with the Procedures Order; (ii) such notice was good, sufficient and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale or the transactions contemplated thereby (including, without limitation, the assumption and assignment of the Assumed Contracts and Leases), is or shall be required.

E.     A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein (including the assumption and assignment of the Assumed Contracts and Leases and cure amounts, if any, identified by the Debtors) has been afforded to all interested persons and entities, including the following: (i) the Office of the United States Trustee; (ii) counsel to SBC Manufacturing Co., LLC; (iii) counsel to the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"); (iv) counsel to Heller Financial, Inc., as the agent (the "Agent") for the Debtors' prepetition and postpetition secured lenders (the "Secured Lenders"); (v) all entities known to have expressed an interest in acquiring all or a substantial portion of the Purchased Assets; (vi) all entities known to have asserted any Lien in or upon any of the

4

Purchased Assets; (vii) all federal, state and local taxing authorities that have jurisdiction over the Business; (viii) all regulatory authorities that have a reasonably known interest in the relief requested in the Motion; (ix) all governmental agencies having jurisdiction over the Business with respect to environmental laws; (x) parties to governmental approvals or permits; (xi) the United States Attorney's office and the attorneys general of all states in which the Purchased Assets are located; (xii) the Securities and Exchange Commission; (xiii) the Pension Benefit Guaranty Corporation; (xiv) all non-Debtor parties to the Assumed Contracts; (xv) all known customers of the Seller; (xvi) UFCW Local 1176; (xvii) all known creditors of the Seller; and (xviii) all other parties that had filed a notice of appearance and demand for service of papers in these bankruptcy cases under Bankruptcy Rule 9010(b) as of the date of entry of the Procedures Order.

F. At Auction, the Buyer presented the highest and best offer for the Purchased Assets. At the conclusion of the Auction, the Seller determined that the Buyer was the Successful Bidder. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner in accordance with the Bidding Procedures and the Procedures Order.

G. The Seller may sell the Purchased Assets free and clear of all Liens and Interests (as defined below) because each entity with a security interest in any Purchased Assets to be transferred on the Closing Date, including the Assumed Contracts and Leases, (i) has consented to the Sale (including the assumption and assignment of the Assumed Contracts and Leases) or is deemed to have consented to the Sale; (ii) could be

5

compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens and Interests who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens and Interests who did object are adequately protected by having their Liens and Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim a Lien or Interest, or otherwise subject to the terms hereof.

        H.     Good and sufficient reasons for approval of the Agreement and the Sale have been articulated. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

        I.     The Debtors have demonstrated both (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, the immediate consummation of the Sale to the Buyer is necessary and appropriate to maximize the value of the Debtors' estates; the Sale will provide a means for the Debtors to maximize distributions to creditors; and absent consummation of the Sale, the Debtors may be forced to conduct a piecemeal liquidation

6

of the Purchased Assets which is likely to yield substantially less proceeds available to distribute to creditors than the Sale.

J.      The Buyer is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby in that, among other things: (i) the Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets; (ii) the Buyer complied with the provisions of the Procedures Order; (iii) the Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Procedures Order; (iv) all payments to be made by the Buyer in connection with the Sale have been disclosed; (v) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (vi) no common identity of directors or controlling stockholders exists between the Buyer and the Debtors and the Buyer is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code; and (vii) the negotiation and execution of the Agreement and any other agreement or instruments related thereto was at arm's-length and in good faith. The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Transaction.

K.      Seller has full corporate power and authority to execute the Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated by the Agreement. The Agreement and all of the transactions contemplated thereby have been duly and validly authorized by all necessary corporate

7

action of the Seller. No consents or approvals other than the authorization and approval of this Court are required for the Seller to consummate the Sale.

L. The Agreement was negotiated, proposed and entered into by the Seller and the Buyer without collusion, in good faith and from arm's-length bargaining positions. The Buyer is not an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code. Neither the Debtors nor the Buyer have engaged in any conduct that would cause or permit the Agreement to be avoided under section 363(n) of the Bankruptcy Code.

M. The consideration provided by the Buyer pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

N. The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

O. The transfer of the Purchased Assets to the Buyer pursuant to the Agreement will be a legal, valid and effective transfer of the Purchased Assets and vests or will vest the Buyer with all right, title and interest of the Seller to the Purchased Assets free and clear of Liens or other interests (i) that purport to give to any party a right or option to effect any forfeiture, modification or termination of the Seller's or the Buyer's

8

interests in the Purchased Assets or (ii) in respect of taxes, restrictions, rights of first refusal, charges or interests of any kind or nature, if any, (including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, the "Interests"), with the exception of Permitted Liens, solely to the extent provided in the Agreement, with all such non-assumed Interests to attach to the Seller's interest in the proceeds of the Sale (the "Sale Proceeds") in order of priority, subject to any rights, claims and defenses of the Debtors with respect thereto and subject to the remaining provisions of this Order.

P.     Neither the Buyer nor its Affiliates, successors or assigns, as a result of any action taken in connection with the purchase of the Purchased Assets: (a) are a successor to the Debtors; (b) have, de facto or otherwise, merged with or into the Debtors; or (c) are a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.

Q.     The Debtors have demonstrated that assuming and assigning the Assumed Contracts and Leases in connection with the Sale is an exercise of their sound business judgment and that such assumption and assignment is in the best interests of the Debtors' estates.

R.     The Debtors and the Buyer, as applicable, have cured, or have provided adequate assurance of cure of, any default existing prior to the Closing Date, which is the effective date of assumption of the Assumed Contracts and Leases, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, under the Assumed

9

Contracts and Leases, and have provided compensation or adequate assurance of compensation to any non-Debtor party to such contracts or leases for any of their actual pecuniary losses resulting from any default arising prior to the Closing Date under any such Assumed Contracts and Leases, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code (collectively, the "Cure Amounts").

        S.      As of the Closing Date each of the Assumed Contracts and Leases will be in full force and effect and enforceable against the non-Debtor party thereto.

        T.      On or before the Closing Date, the Seller or the Buyer, as applicable, will pay in full all undisputed Cure Amounts and all Cure Amounts that each is obligated to pay under the terms of the Agreement and that have been determined by this Court pursuant to a Final Order as of the Closing Date. On the Closing Date, the Debtors will segregate an amount of the Sale Proceeds equal to the asserted amount of any disputed Cure Amounts for Material Contracts that the Debtors are obligated to pay pursuant to the Agreement pending the resolution of any such dispute by this Court or mutual agreement of the parties. Any non-Debtor party to any Material Contract who objected to the Cure Amounts (a "Cure Amount Objection") is protected by having such disputed portion of such Cure Amount segregated on or before the date on which such Material Contract is assumed. Notwithstanding the foregoing, the Debtors, after consultation with the Committee, solely with the written consent of the Buyer, may elect to reject any Assumed Contract (excluding any Assumed Real Property Lease), Assumed Equipment Lease or Acquired Intellectual Property previously designated as an Assumed

10

Contract and Lease within ten (10) Business Days following entry of a Final Order

determining the Cure Amount for such Assumed Contract and Lease or execution of a

written agreement between the Debtors, the Buyer and the non-Debtor party to such

Assumed Contract and Lease establishing such Cure Amount, and any claims arising

from such rejection shall, pursuant to section 365(g)(1) of the Bankruptcy Code, be

deemed to arise immediately prior to the Petition Date.

U.      The Debtors have, to the extent necessary, satisfied the

requirements of sections 365(b)(1) and 365(f) of the Bankruptcy Code in connection with

the Sale, the assumption and assignment of the Assumed Contracts and Leases and shall

upon assignment thereof on the Closing Date, be relieved from any liability for any

breach thereof (other than the liability to pay Cure Amounts on or before the Closing or

following the Closing, as applicable).

V.      The Court finds that there is cause to waive and/or vacate the stays

imposed by Bankruptcy Rules 6004(g) and 6006(d), , and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED (other than with respect to matters

previously addressed on a final basis by the Procedures Order). All relief granted on a

final basis by the Procedures Order remains in full force and effect.

2.      Any objections to the entry of this Order or the relief granted

herein and requested in the Motion that have not been~~withdrawn~~ (moded), withdrawn, waived, or settled as

reflected in this Order, and all reservations of rights included therein, hereby are denied

(or on the record)
and overruled on the merits with prejudice.

11

## Approval of the Agreement

3.    The Agreement and all of the terms and conditions thereof, including, but not limited to, the sale of the Purchased Assets and assumption of the Assumed Liabilities in exchange for the Purchase Price, as set forth in the Agreement, are hereby approved.

4.    Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized (subject to the applicable closing conditions set forth in the Agreement) to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement.

5.    The Debtors are authorized (subject to the applicable closing conditions set forth in the Agreement) to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, collectively with all additional instruments and documents (including the Ancillary Agreements as defined herein) that may be reasonably requested by the Buyer for the purpose of transferring the Purchased Assets to the Buyer or as may be necessary or appropriate to the performance of the obligations contemplated by the Agreement. The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement, certain ancillary agreements including the Bill of Sale and Assignment, the Real Property Lease Assumption and Assignment Agreement, Trademark Assignment, the Copyright Assignment and Patent Assignment to the extent relevant in connection with the Agreement (the "Ancillary Agreements"), or any other Sale related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the

12

extent necessary to implement the preceding sentence and the other provisions of this Order.

## Transfer of Purchased Assets

6.　　　Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Buyer and, as of the Closing Date, shall be free and clear of (a) all Liens and Interests, and (b) all debts arising under, relating to or in connection with any acts of the Debtors, "claims" (as that term is defined in section 101(5) of the Bankruptcy Code), Liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, claims and encumbrances (i) that purport to give to any party a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of any of the Seller's or the Buyer's interests in the Purchased Assets, or any similar rights, (ii) in respect of taxes, restrictions, rights of first refusal, charges or interests of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, or (iii) in respect of personal injury or injury to property related to products manufactured or sold by Seller prior to the Closing) (collectively, as defined in this clause (b), "Claims"), with the exception of Permitted Liens, solely to the extent provided in the Agreement, and Assumed Liabilities. All non-assumed Liens, Interests and Claims shall attach to the Debtors' interest in the Sale Proceeds, in the order of their priority, with the same validity, force and effect which they

13

now have against the Purchased Assets, subject to any rights, claims and defenses the Debtors or the Agent may possess with respect thereto.

7. The transfer of the Purchased Assets to the Buyer pursuant to the Agreement shall not result in (i) the Buyer having any liability or responsibility for any Claim (other than for Permitted Liens, solely to the extent provided in the Agreement, or Assumed Liabilities) against the Debtors or against an insider of the Debtors, or (ii) the Buyer having any liability or responsibility to the Debtors except pursuant to the Agreement and this Order.

8. The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Purchased Assets other than as expressly set forth in the Agreement. Without limiting the effect or scope of the foregoing, the transfer of the Purchased Assets from the Seller to the Buyer does not and will not subject the Buyer or its Affiliates, successors or assigns or their respective properties (including the Purchased Assets) to any liability for Claims against the Debtors or the Purchased Assets by reason of such transfer under the laws of the United States, any state, territory or possession thereof, or the District of Columbia applicable to such transactions.

9. Neither the Buyer nor its Affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Purchased Assets to: (a) be a successor to the Debtors; (b) have, de facto or otherwise, merged with or into the Debtors; or (c) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.

14

10.     Neither the Buyer nor its Affiliates, successors or assigns is acquiring or assuming any liability, warranty or other obligation of the Debtors, including, without limitation, any tax incurred but unpaid by the Debtors prior to the Closing Date, including, but not limited to, any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, except for the Assumed Liabilities as expressly provided in the Agreement.

11.     On or before the Closing Date, the Buyer shall pay its share of Transfer Taxes, utility charges, real property Taxes, personal property taxes or similar ad valorem obligations which the Buyer obligated to pay under the Agreement. On or before the Closing Date, the Seller shall segregate and reserve Sale Proceeds sufficient to pay when due, to the extent not paid on the Closing Date, (i) its share of Transfer Taxes, utility charges, real property Taxes, personal property taxes or similar ad valorem obligations which the Seller is obligated to pay under the Agreement, (ii) all Cure Amounts payable by the Seller pursuant to the Agreement and the terms of this Order, (iii) any break-up fee and expense reimbursement that may be payable under the Procedures Order, (iv) any success fee that may be payable to CRG Partners Group, LLC pursuant to an order of this Court, (v) the Seller's good faith estimate of its post-closing adjustment liability under the Agreement which, to the extent it exceeds the Seller's estimate, shall be payable by the Seller under its cash collateral budget (the "Budget"), and the Budget shall be deemed to be amended to include such amount., and (vi) the Seller's good-faith estimate of expenses expressly excluded from reimbursement by the

15

Buyer pursuant to Section 6.5(b)(iii). Provided that (i) Buyer funds to the Debtors $250,000 to be available for payment of professional fees accrued after the Closing Date that comprise administrative expenses, (ii) the Secured Lenders consent to the use of such proceeds for the payment of such professional fees, and (iii) the Secured Lenders permit the use of cash collateral in accordance with the Budget appended as Exhibit A to the Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtors' Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (III) Granting Adequate Protection to Prepetition Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (the "DIP Order"), no surcharge claims under section 506(c) of the Bankruptcy Code or otherwise may be asserted against the Secured Lenders in respect of professional fees or expenses incurred by the Debtors' estates; provided, however, that nothing herein shall modify the rights of parties in interest with respect to the Carve-Out provided for pursuant to the DIP Order.

12. The transfer of the Purchased Assets to the Buyer pursuant to the Agreement constitutes a legal, valid and effective transfer of the Purchased Assets, and shall vest the Buyer with all right, title and interest of the Seller in and to the Purchased Assets free and clear of all Liens, Claims and Interests (other than Permitted Liens, solely to the extent provided in the Agreement, and Assumed Liabilities) of any kind or nature whatsoever.

13. The Sale Proceeds are sufficient to satisfy all Liens (other than Permitted Liens, solely to the extent provided in the Agreement, but including the Liens of the Agent and the Lenders), free and clear of which the Purchased Assets are being sold, or the Lenders or other secured lenders have consented to the sale of the Purchased

16

Assets free and clear of all Liens (other than Permitted Liens, solely to the extent provided in the Agreement).

14.     On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets or a bill of sale transferring good and marketable title in the Purchased Assets to the Buyer. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

15.     This Order is and shall be effective as a determination that all Liens (other than Permitted Liens, solely to the extent provided in the Agreement), Claims and Interests shall be, and are, without further action by any person or entity, released, divested, terminated and discharged with respect to the Purchased Assets and the Assumed Contracts and Leases as of the Closing Date, including without limitation, (i) the Liens of the Agent and the Secured Lenders, and (iii) any Liens, Claims or Interests of any lessor under the Assumed Real Property Leases (to the extent provided for in the Agreement). In furtherance of the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of all Claims, Liens and Interests shall be self-executing, and notwithstanding the failure of Buyer, the Debtors or any other party to execute, file or obtain releases, termination statements, assignment consents or other instruments to effectuate, consummate and/or implement the provisions hereof or the Agreement with respect to the sale of the Purchased Assets and the assumption and assignment of the Assumed Contracts and Leases, all Claims,

17

Liens and Interests on the Purchased Assets shall be, and hereby are, deemed to be divested, terminated and discharged, with such Claims, Liens and Interests to attach solely and exclusively to the Sale Proceeds.

16. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

17. The Seller is hereby authorized, in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, to (a) assume and assign to the Buyer, effective upon the Closing Date, the Assumed Contracts and Leases (other than any Assumed Supplemental Items) identified on Exhibit B hereto, and/or to transfer, sell and deliver to the Buyer all of Sellers' right, title and interest in and to the Assumed Contracts and Leases (other than any Assumed Supplemental Items), free and clear of all Liens, Interests and Claims of any kind or nature whatsoever, and (b) execute and deliver to the Buyer such other documents or other instruments as may be necessary to assign and transfer the Assumed Contracts and Leases to the Buyer; provided, however, that the assumption of any Assumed Contract, Assumed Equipment Lease or Acquired Intellectual Property that is subject to a Cure Amount Objection shall not be effective until expiration of the ten (10) Business Day period set forth in Paragraph T hereof.

18

18. Notwithstanding anything to the contrary in this Order, this Order shall not authorize the assumption or assignment of the Assumed Supplemental Items.

19. The requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are hereby deemed satisfied with respect to the Assumed Contracts and Leases (subject to the "Cure Amount" procedures set forth herein).

20. The Assumed Contracts and Leases shall be transferred to, and remain in full force and effect for the benefit of, the Buyer and its Affiliates, without any default or event of default thereunder, notwithstanding any provision in any such Assumed Contract and Lease (including provisions of the type described in sections 365(b)(2), (c)(1) and (f)(1) of the Bankruptcy Code) which prohibits, restricts or conditions such assignment or transfer. The non-Debtor party to each Assumed Contract and Lease shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Buyer shall enjoy all of the rights and benefits under each such Assumed Contract and Lease as of the applicable Closing Date without the necessity of obtaining such non-Debtor party's written consent to the assumption and assignment thereof.

21. The information provided by and about the Buyer is and shall be deemed to constitute "adequate assurance of future performance" under the Bankruptcy Code (including under section 365(f)(2)(B) thereof).

22. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any liability for any breach of any Assumed Contract and Lease after such assignment to and assumption by the Buyer on the Closing Date.

19

23.     All liquidated monetary defaults, claims or other obligations of the Seller arising or accruing or relating to time periods under each Assumed Contract and Lease prior to the assumption of such Assumed Contract and Lease (without giving effect to any acceleration clauses or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2)), determined in accordance with the Procedures Order, shall be fixed in the amount reflected on Exhibit B hereto, and any undisputed portion of such defaults, claims or other obligations shall be promptly cured and paid by the Seller or the Buyer, as applicable, upon the Closing Date or, or as soon as practicable thereafter, for any disputed portion thereof, upon the later determination of the Cure Amount.

24.     Subject to the terms hereof with respect to the Cure Amounts, all defaults or other obligations of the Debtors under the Assumed Contracts and Leases arising or accruing prior to the Closing Date have been cured or shall promptly be cured by the Debtors or the Buyer, as applicable, in accordance with the terms hereof such that the Buyer and its successors and assigns shall have no liability or obligation with respect to any default or obligation arising or accruing under any Assumed Contract and Lease on or prior to the Closing Date. Each non-Debtor party to an Assumed Contract and Lease is forever barred, estopped and permanently enjoined from asserting against the Buyer or its successors and assigns or its or their property or Affiliates, or any thereof, any breach or default under any Assumed Contract and Lease, any claim of lack of consent relating to the assignment thereof, or any counterclaim, defense, setoff, right of recoupment or any other matter arising prior to the Closing Date for such Assumed Contract and Lease or with regard to the assumption and assignment thereof pursuant to the Agreement or this Order.

20

25.    Upon assignment of the Assumed Contracts and Leases to the

Buyer on the Closing Date, no default shall exist under any Assumed Contract and Lease

and no non-Debtor party to any Assumed Contract and Lease shall be permitted to

declare a default by the Buyer under such Assumed Contract and Lease or otherwise take

action against the Buyer as a result of any Debtors' financial condition, bankruptcy or

failure to perform any of their obligations under the Assumed Contracts and Leases,

including any failure to pay any amounts necessary to cure any Debtors' defaults

thereunder. Upon entry of this Order and assumption and assignment of the Assumed

Contracts and Leases, the Buyer shall be deemed in compliance with all terms and

provisions of the Assumed Contracts and Leases.

26.    Notwithstanding any other provision in this Order, upon

assumption of the Assumed Contracts and Leases, the Buyer shall assume (subject to

paragraphs 29 through 33 below) all liabilities arising under the Assumed Contracts and

Leases which arise and accrue on and after the Closing Date.

## **Additional Provisions**

27.    The consideration provided by the Buyer for the Purchased Assets

under the Agreement is fair and reasonable and may not be avoided under Bankruptcy

Code section 363(n).

28.    The transactions contemplated by the Agreement are undertaken

by the Buyer in good faith, as that term is used in Bankruptcy Code section 363(m) and,

accordingly, the reversal or modification on appeal of the authorization provided herein

to consummate the Sale shall not affect the validity of the Sale to the Buyer, unless such

authorization is duly stayed prior to the consummation of the Sale. The Buyer is a good-

21

faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

29.     This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) compel assumption of the Assumed Liabilities by the Buyer, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, and (d) interpret, implement and enforce the provisions of this Order.

30.     All entities who are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets hereby are directed to surrender possession of the Purchased Assets either to (i) the Seller prior to the Closing Date for subsequent transfer to the Buyer on the Closing Date or (ii) the Buyer on the Closing Date.

31.     On or before the Closing Date, each of the Debtors' creditors (including all creditors who hold Liens or Interests of record) is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Interests in the Purchased Assets, if any, as such Liens and Interests may have been recorded or otherwise exist.

32.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens or other documents or agreements evidencing Liens or Interests with respect to the Purchased Assets shall not have delivered to the

22

Debtors and the Buyer prior to the Closing Date in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Interests which the person or entity has with respect to the Debtors and/or the Purchased Assets or otherwise, then (i) the Debtors hereby are authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts and (ii) the Buyer hereby is authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Interests in the Purchased Assets as of the Closing Date of any kind or nature whatsoever (other than the Permitted Liens, solely to the extent provided in the Agreement, and Assumed Liabilities).

33.     The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall survive and inure to the benefit of, the Debtors, their estates, any trustee(s) under any chapter of the Bankruptcy Code in any of these cases, the Buyer and its respective Affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent dismissal or conversion of any of these cases or the appointment of any trustee(s) under any chapter of the Bankruptcy Code in any of these cases.

34.     After the Closing Date, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect a lien or security interest against any of the Purchased Assets on account of, or (b) collect or attempt to collect from the Buyer or any of its Affiliates, any tax (or other amount alleged to be owing by one or more of the Debtors) (i) for any period commencing before and

23

concluding prior to or after the Closing Date, or (ii) assessed prior to and payable after the Closing Date, except as otherwise specifically provided in the Agreement.

35. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to any of the transactions under the Agreement.

36. The Agreement *, the Ancillary Documents Agreements* and any related Sale agreements may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

37. Nothing contained in any chapter 11 plan confirmed in these cases or any order confirming any such plan or in any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with or derogate from the provisions of the Agreement or this Order.

38. The Debtors shall serve a notice of the entry of this Order on all known parties in interest who have asserted any Lien or Interest in the Purchased Assets (including all lienholders of record).

39. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

24

40.    Nothing contained in any plan of reorganization or liquidation confirmed in this case or the order confirming any plan of reorganization or liquidation shall conflict with or derogate from the provisions of this Order. Further, the provisions of this Order, and any actions taken pursuant hereto, shall survive the entry of any order which may be entered confirming any plan of reorganization or liquidation of the Debtor or converting of the Debtor's case from chapter 11 to a case under chapter 7 of the Bankruptcy Code.

41.    Nothing in this Order or the Asset Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental unit under police or regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the closing date of the sale under the Asset Purchase Agreement.

42.    Upon the Debtors' representation that no trailers that are the subject of rental agreements with Transport International Pool, Inc., are to be sold or assumed and assigned to the Buyer, the Limited Objection of Transport International Pool, Inc. to the Motion for an Order (A) Approving Bidding Procedures Relating to Sale of Substantially All of the Assets of Western Nonwovens, Inc., Mid-America Fiber Company, Inc.; Western Synthetic Fiber, Inc.; and Florida Nonwovens, Inc.; (b) Scheduling a Hearing to Consider the Sale and Approve the Form and Manner of Notices (c) Establishing Procedures Relating to Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts; (d) Approving Expense Reimbursement and Break-Up Fee Provisions; and (e) Granting Related Relief (Docket No. 289) is withdrawn.

25

43.     In resolution of the Response of Earl K. Wood, Orange County,

Florida Tax Collector to Debtors' Motion for Entry of Order (I) Approving Asset

Purchase Agreement and Authorizing the Sale of Certain Assets Outside the Ordinary

Course of Business (II) Authorizing the Sale of Assets Free and Clear of All Liens,

Claims, Encumbrances, and Interests Pursuant to Sections 363(b), (f) and (m) of the

Bankruptcy Code, (III) Authorizing the Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief (Docket

No. 291), on the Closing Date the Debtors shall provisionally pay to Earl K. Wood,

Orange County, Florida, Tax Collector (the "Tax Collector") the sum of $59,246.41 from

the Sale Proceeds in full satisfaction of the 2007 taxes owed to the Tax Collector,

including interest (the "2007 Payment"), and the Debtors and the Tax Collector reserve all claims, rights, and

defenses with respect to the 2007 Payment; furthermore, on the Closing Date, the Debtors

and the Buyer shall place in a segregated account established by and in the name of Western Nonwovens, Inc. the sum of $54,243.00 to be funded by

the Debtors and the Buyer pursuant to the terms of the Agreement for use solely in

satisfaction of the 2008 taxes owed to the Tax Collector (the "2008 Payment") to be paid

by the Debtors and the Buyer as, when, and if due, and the Debtors and the Buyer and the Tax Collector reserve

all claims, rights, and defenses with respect to the 2008 Taxes.

44.     In the event that the Agreement is not closed in accordance with its

terms, the Debtors reserve the right, in accordance with the Procedures Order, to proceed

to closing with the back-up bidders as reflected on the record at the Auction and to seek

the assumption and assignment of Assumed Contracts and Leases in addition to those

listed on Exhibit B hereto. In such event, such back-up bidder(s) shall be
deemed to be the "Buyer" for purposes of this Order.

26

45.     Notwithstanding the provisions of Bankruptcy Rules 6004(g) and

6006(d), this Order shall not be stayed for ten (10) days after the entry hereof, but shall

be effective and enforceable immediately upon issuance hereof. Time is of the essence in

closing the transactions referenced herein and the Debtors and the Buyer intend to close

the Sale as soon as practicable. Therefore, any party objecting to this Order must exercise

due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as

moot.

Dated: _A ug 2 0_ , 2008

                              Honorable Peter J. Walsh
                              United States Bankruptcy Judge