IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| WESTERN NONWOVENS, INC., et al.,[1] | ) | Case No. 08-11435 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: September 14, 2009 at 4:00 p.m.
Hearing Date: To be scheduled

## THIRD QUARTERLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JANUARY 1, 2009 THROUGH MARCH 31, 2009

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to July 14, 2008 by order signed February 3, 2009 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2009 through March 31, 2009[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $78,278.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 5,500.63 |

This is a: ___ monthly    _x_ interim    ___ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: Western Nonwovens, Inc. (9696); Western Synthetic Fiber, Inc. (1778); Bonded Fiberloft, Inc. (4998); Reliance Products, Inc. (0233); Paltex, Inc. (9988); Mid America Fiber Company, Inc. (2849); Florida Nonwovens, Inc. (1133); and Utah Nonwovens, Inc. (3204). The mailing address for all of the Debtors is 966 E. Sandhill Avenue, Carson, CA 90746.

[2] This Application may include time expended before the time period indicated above that has not been included in any prior application. The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 02/03/09 | 07/14/08 – 07/31/08 | $193,825.00 | $56,778.08 | $193,825.00 | $56,778.08 |
| 02/04/09 | 08/01/08 – 08/31/08 | $310,574.50 | $15,998.51 | $310,574.50 | $15,998.51 |
| 02/06/09 | 09/01/08 – 09/30/08 | $ 68,173.50 | $ 2,554.32 | $ 68,173.50 | $ 2,554.32 |
| 03/13/09 | 10/01/08 – 10/31/08 | $ 87,169.50 | $ 8,372.09 | $ 87,169.50 | $ 8,372.09 |
| 03/25/09 | 11/01/08 – 11/30/08 | $ 46,690.50 | $ 2,938.50 | $ 46,690.50 | $ 2,938.50 |
| 04/23/09 | 12/01/08 – 12/31/08 | $ 29,505.50 | $ 2,138.01 | $ 29,505.50 | $ 2,138.01 |
| 05/14/09 | 01/01/09 – 01/31/09 | $ 35,373.50 | $ 1,065.41 | $ 28,298.80 | $ 1,065.41 |
| 07/13/09 | 02/01/09 – 02/28/09 | $ 23,982.50 | $ 1,944.33 | $ 19,186.00 | $ 1,944.33 |
| 07/17/09 | 03/01/09 – 03/31/09 | $ 18,922.50 | $ 2,490.89 | $ 15,138.00 | $ 2,490.89 |
| 07/30/09 | 04/01/09 – 04/30/09 | $ 27,441.50 | $ 2,270.38 | $ 21,953.20 | $ 2,270.38 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $795.00<br>$775.00 | 9.80<br>3.00 | $ 7,791.00<br>$ 2,325.00 |
| Richard J. Gruber | Partner 1995; Member of CA Bar since 1982 | $695.00 | 13.10 | $ 9,104.50 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $675.00 | 9.60 | $ 6,480.00 |
| Andrew W. Caine | Of Counsel 1989; Member of CA Bar since 1983 | $675.00 | 0.40 | $ 270.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $645.00 | 11.20 | $ 7,224.00 |
| Steven J. Kahn | Of Counsel 2001; Member of CA Bar since 1977 | $625.00 | 4.40 | $ 2,750.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1994; Member of NY Bar since 1999 | $535.00 | 4.30 | $ 2,300.50 |
| Michael R. Seidl | Partner 2003; Member of DE Bar since 2000; Member of Washington, D.C. Bar since 1996 | $495.00 | 41.20 | $20,394.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gillian N. Brown | Partner 2007; Member of CA Bar since 1999; Member of Washington, D.C. Bar since 2008 | $475.00 | 6.70 | $ 3,182.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $475.00 | 9.50 | $ 4,512.50 |
| Leslie F. Forrester | Law Library Director 2003 | $250.00 | 0.30 | $ 75.00 |
| Margaret L. Oberholzer | Paralegal 2007 | $210.00 | 2.40 | $ 504.00 |
| Louise R. Tuschak | Paralegal 2000 | $215.00 | 41.30 | $ 8,879.50 |
| Cheryl A. Knotts | Paralegal 2000 | $205.00 | 4.70 | $ 963.50 |
| John F. Bass | Paralegal 2008 | $150.00 | 1.40 | $ 210.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $125.00 | 4.90 | $ 612.50 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $125.00 | 3.50 | $ 437.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $125.00 | 2.10 | $ 262.50 |

        **Grand Total:** $ 78,278.50
        **Total Hours:** 173.80
        **Blended Rate:** $ 450.39

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 12.20 | $ 8,459.00 |
| Bankruptcy Litigation | 40.40 | $18,799.50 |
| Case Administration | 23.00 | $ 4,848.00 |
| Claims Admin/Objections | 10.90 | $ 5,690.00 |
| Compensation of Professional | 21.30 | $ 7,867.50 |
| Compensation of Prof./Others | 4.20 | $ 1,309.00 |
| Employee Benefit/Pension | 11.90 | $ 7,648.50 |
| Executory Contracts | 6.80 | $ 3,056.00 |
| Financial Filings | 13.40 | $ 4,586.00 |
| Financing | 11.10 | $ 6,159.50 |
| Litigation (Non-Bankruptcy) | 7.30 | $ 3,507.50 |
| Operations | 0.60 | $ 297.00 |
| Plan & Disclosure Statement | 6.30 | $ 3,723.00 |
| Retention of Professional | 3.60 | $ 1,932.00 |
| Stay Litigation | 0.30 | $ 148.50 |
| Tax Issues | 0.50 | $ 247.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | CourtCall; AT&T Conference Call | $ 157.66 |
| Delivery/Courier Service | Tristate | $1,822.89 |
| Express Mail | Federal Express | $ 38.84 |
| Filing Fee | Compton Superior Court; LA Superior Court | $ 69.00 |
| Fax Transmittal (outgoing only) | | $ 688.00 |
| Legal Research | Westlaw | $ 154.24 |
| Outside Services | Digital Legal Services | $ 121.73 |
| Court Research | Pacer | $ 45.60 |
| Postage | US Mail | $1,069.87 |
| Reproduction Expense | | $1,331.80 |
| Reproduction/Scan Copy | | $ 1.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WESTERN NONWOVENS, INC., et al.,[1] | ) | Case No. 08-11435 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: September 14, 2009 at 4:00 p.m.
Hearing Date: To be scheduled

**THIRD QUARTERLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM JANUARY 1, 2009 THROUGH MARCH 31, 2009**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Administrative Order Under 11 U.S.C. U.S.C. §§105(A) and 331 Establishing Procedures for Interim Compensation and Expense Reimbursement of Professionals and Committee Members (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Third Quarterly Application for Compensation and for Reimbursement of Expenses for the Period from January 1, 2009 through March 31, 2009 (the "Application").

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: Western Nonwovens, Inc. (9696); Western Synthetic Fiber, Inc. (1778); Bonded Fiberloft, Inc. (4998); Reliance Products, Inc. (0233); Paltex, Inc. (9988); Mid America Fiber Company, Inc. (2849); Florida Nonwovens, Inc. (1133); and Utah Nonwovens, Inc. (3204). The mailing address for all of the Debtors is 966 E. Sandhill Avenue, Carson, CA 90746.

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $78,278.50 and actual and necessary expenses in the amount of $5,500.63 for a total allowance of $78,278.50, and payment of the unpaid amount of such fees and expenses, for the period January 1, 2009 through March 31, 2009 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

### Background

1. On July 14, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their properties and continues to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. A Committee of Unsecured Creditors ("Committee") was appointed on or about July 23, 2008. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On August 4, 2008, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending September 30, 2008, and continuing at three-month intervals, each Professional

shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as Counsel to the Debtors, was approved effective as of the Petition Date by this Court's "Order Under Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about February 3, 2009 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Monthly Fee Applications Covered Herein

5. The Monthly Fee Applications for the periods January 1, 2009 through March 31, 2009 of PSZ&J have been filed and served pursuant to the Administrative Order.

6. On May 14, 2009, PSZ&J filed its Seventh Monthly Application of Pachulski Stang Ziehl & Jones LLP for Compensation and for Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession for the Period from January 1, 2009 through January 31, 2009 ("Seventh Monthly Fee Application") requesting $35,373.50 in fees and $1,065.41 in expenses. PSZ&J has not received any payment of fees or expenses requested

in the Seventh Monthly Application. A true and correct copy of the Seventh Monthly Fee Application is attached hereto as <u>Exhibit</u> <u>A</u>.

7. On July 13, 2009, PSZ&J filed its Eighth Monthly Application of Pachulski Stang Ziehl & Jones LLP for Compensation and for Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession for the Period from February 1, 2009 through February 28, 2009 ("Eighth Monthly Fee Application") requesting $23,982.50 in fees and $1,944.33 in expenses. PSZ&J has not received any payment of fees or expenses requested in the Eighth Monthly Application. A true and correct copy of the Eighth Monthly Fee Application is attached hereto as <u>Exhibit</u> <u>B</u>.

8. On July 17, 2009, PSZ&J filed its Ninth Monthly Application of Pachulski Stang Ziehl & Jones LLP for Compensation and for Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession for the Period from March 1, 2009 through March 31, 2009 ("Ninth Monthly Fee Application") requesting $18,922.50 in fees and $2,490.89 in expenses. PSZ&J has not received any payment of fees or expenses requested in the Ninth Monthly Fee Application. A true and correct copy of the Ninth Monthly Fee Application is attached hereto as <u>Exhibit</u> <u>C</u>.

9. The Monthly Fee Applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by PSZ&J during the Interim Period as well as other detailed information required to be included in fee applications.

## Requested Relief

10. By this Application, PSZ&J requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by PSZ&J during the Interim Period of January 1, 2009 through March 31, 2009.

11. At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

12. All services for which compensation is requested by PSZ&J were performed for or on behalf of the Debtors and not on behalf of the Committee, or any creditor or other person.

13. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $538,575.80, including the Debtors' aggregate filing fees for these cases, in connection with its prepetition representation of the Debtors. PSZ&J was current as of the Petition Date, subject to a final reconciliation of the amount actually expended prepetition. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees

and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code.

14. The professional services and related expenses for which PSZ&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtors in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, in the form attached hereto, providing that an interim allowance be made to PSZ&J for the period from January 1, 2009 through March 31, 2009 in the sum of $78,278.50, as compensation for necessary professional services rendered, and the sum of $5,500.63, for reimbursement of actual necessary costs and expenses, for a total of $83,779.13; that the Debtors be authorized and

directed to pay to PSZ&J the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated: August 21, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
Joshua M. Fried, (CA Bar No. 181541)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel to the Debtors and Debtors in Possession

# VERIFICATION

STATE OF DELAWARE       :
                        :
COUNTY OF NEW CASTLE    :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner of the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on August 4, 2008, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 24th day of August, 2009.

_____
Notary Public
My Commission Expires: 11/4/09

MARY E. CORCORAN
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Nov. 4, 2009